UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00041

| | |
|---|---|
| PETTUS PROPERTIES, INC., STERLING PROPERTIES OF THE CAROLINAS, LLC, JERROD H. PETTUS, SR., individually and as Executor of THE ESTATE OF ELEANOR PHILLIPS PETTUS,<br>    Plaintiffs<br><br>    vs.<br><br>VFC PARTNERS 8, LLC,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Withdrawal of Reference to the Bankruptcy Court (Doc. No. 1). Plaintiff's motion is DENIED for the reasons stated herein.

## I. PROCEDURAL HISTORY

The parties currently have a matter pending in the bankruptcy court of this district, which was filed on June 8, 2010 (Doc. 1-2, p. 2), in which Plaintiff is the debtor. BB&T Corporation, the predecessor in interest to Defendant, filed a proof of claim in bankruptcy court on October 7, 2010. On November 4, 2011, Plaintiffs filed an action in the General Court of Justice, Superior Court Division of Union County, North Carolina alleging several causes of action arising out of a settlement agreement signed by the parties in February of 2011 (See Doc. No. 1, p. 1; Doc. No. 1-1, p. 3; Doc. 1-3, p. 10-12). Defendants removed that action to the bankruptcy court pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b), asserting the action is related to the pending bankruptcy action (Doc. 1-1, p. 8).

## II.  DISCUSSION

28 U.S.C. § 157(d) provides that the "district court may withdraw, in whole or in part, any case or proceeding referred [to bankruptcy court], on its own motion or on timely motion of any party, for cause shown."  The parties agree that the factors delineated in In re USAirways Grp., Inc., 296 B.R. 673 (Bankr. E.D. Va. 2003), apply to the analysis of this case.  Under In re USAirways, the court considers the following six factors:

(1)   whether the proceeding is core or non-core

(2)   the uniform administration of bankruptcy proceedings

(3)   expediting the bankruptcy process and promoting judicial economy

(4)   the efficient use of debtors' and creditors' resources

(5)   the reduction of forum shopping, and

(6)   the preservation of the right to a jury trial.

There is no allegation of forum shopping by either party.  Therefore, the court will consider the other five factors herein.

**A.   Whether the Proceeding is Core or Non-Core**

"The bankruptcy court has core jurisdiction over claims arising from a contract formed post-petition . . . [b]ut a dispute arising from a pre-petition contract will usually not be rendered core simply because the cause of action could only arise post-petition."  In re U.S. Lines, Inc., 197 F.3d 631, 637-38 (2d Cir. 1999).  The settlement agreement at issue was signed after the bankruptcy petition was filed, as has been admitted by both parties (See Doc. No. 1-1, p.3; Doc. No. 1-2, p. 2).  Therefore, any disputes arising out of the settlement agreement are core proceedings.

Plaintiff's claims were for tortious interference with contract, breach of contract, breach

of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices. The beach of contract claim clearly refers to the settlement agreement and all of the claims arise out of the same nucleus of facts that make it sufficiently related to a post-petition contract to make the claims part of a core proceeding. Furthermore, because these actions were filed after the filing of a bankruptcy petition and arise out of the same nucleus of facts, they are essentially counterclaims. See 28 U.S.C. § 157(b)(2)(C) ("Core proceedings include . . . counterclaims by the estate against persons filing claims against the estate); Stern v. Marshall, 131 S.Ct. 2594 (2011) (holding that a counterclaim for tortious interference is a core proceeding under the plain text of 28 U.S.C. § 157(b)(2)(C)).

B.  **The Uniform Administration of Bankruptcy Proceedings, Expediting the Bankruptcy Process and Promoting Judicial Economy, and the Efficient Use of Debtors' and Creditors' Resources**

Plaintiffs and Defendants consider factors two (2) through four (4) together. Plaintiffs largely argue that it would be judicially expedient to withdraw the referral to the bankruptcy court because, they claim, a jury trial will at some point have to occur in the District Court. See infra Sec. II(C). However, even if the bankruptcy court is unable to issue a final order in this case, that court can utilize its extensive knowledge of this complex area of the law and oversee all pre-trial matters and then transfer the action to the District Court when it is ready for trial. See, e.g., In re Freeway Foods of Greensboro, Inc., 449 B.R. 860, 890 (Bankr. M.D.N.C. 2011). Furthermore, the bankruptcy court can hear even non-core matters and submit proposed findings of fact and conclusions of law to the District Court. Id. at 873. Using the bankruptcy court's extensive knowledge of this area of law is judicially expedient, even if the final cases is heard before the District Court, and will result in bankruptcy proceedings that are far more uniform.

Furthermore, the base of knowledge held by the bankruptcy court will more efficiently utilize the parties' resources; therefore, all of these factors weigh against withdrawing the referral to the bankruptcy court.

C.  **Preservation of the Right to a Jury Trial**

Lastly, Plaintiffs argue extensively that they have a right to a trial by jury pursuant to the seventh amendment of the U.S. Constitution.  See U.S. Const., Amend VII.  However, the seventh amendment right to a trial by jury is one that can be waived.  See Leasing Serv. Corp. v. Crane, 804 F.2d 828 (4th Cir. 1986) ("The seventh amendment right is of course a fundamental one, but it is one that can be knowingly and intentionally waived by contract.").  The settlement agreement is written in normal font until paragraph P, which is written entirely in capitalized letters.  That paragraph is titled "Waiver of Jury Trial," and states: "Each obligor and obligee hereby: (1) Waives trial by jury in any court and in any suit, action or proceeding on any matter arising in connection with or in any way related to the financing transaction of which this agreement is a part and/or the enforcement of VFC 8's rights and remedies, including without limitation, tort claims."  This clause clearly contemplates tort actions and is delineated from the rest of the contract as important by its presentation in capital letters.  It is broadly written to encapsulate "any suit, action or proceeding" that arises in "any matter arising in connection with or *in any way related to*" not only the contract, but the financing transactions underlying the agreement (emphasis added).  At this stage, the Court must conclude that Plaintiffs waived their right to trial by jury, and thus this factor is neutral when determining whether to withdraw the referral to bankruptcy court.

## CONCLUSION

The issues presented in Plaintiff's action that was originally brought in state court are core issues related to Plaintiff's petition in bankruptcy that are properly decided by the bankruptcy court. It is in the best interests of judicial expediency, the efficient use of the parties' resources, and the uniform administration of bankruptcy proceedings for this action to remain within the purview of that court. It is not necessary to preserve Plaintiff's right to a trial by jury because that right was waived. Therefore, Plaintiff's Motion for Withdrawal of Reference to the Bankruptcy Court is DENIED. These proceedings are to take place in the bankruptcy court, which is not to be bound by any factual findings or legal conclusions in this order. IT IS SO ORDERED.

Signed: January 30, 2012

Frank D. Whitney
United States District Judge